## PASENTINO v. UNITED STATES.

### No. 9019.

Circuit Court of Appeals, Eighth Circuit.
April 9, 1931.

Frank D. Rader, Charles S. Walden, Paul S. Conwell, and Thomas A. Costolow, all of Kansas City, Mo., for appellants.

William L. Vandeventer, U. S. Atty., and Claude E. Curtis, Asst. U. S. Atty., both of Kansas City, Mo.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.

KENYON, Circuit Judge.

Defendant with others was indicted in the United States District Court for the Western Division of the Western District of Missouri, for violation of the National Prohibition Act

(27 USCA) in the sale of intoxicating liquor, and also in maintaining a place where such liquors were unlawfully kept for sale. Demurrers were sustained by the court as to four counts of the indictment, and the case was tried as to count 4 charging sales, and count 6 charging the maintenance of a nuisance.

Appellant, together with one Henry Mitchell, was convicted on both counts and duly sentenced. Mitchell's appeal has been dismissed, and we are concerned only with the appeal of Pasentino.

The only alleged error presented is that the court did not sustain the demurrer to the evidence at the close thereof, and the only question argued is that the evidence was insufficient to sustain the verdict.

S. W. Thomas was a prohibition agent at Kansas City during October and November, 1929. He testified that he visited the place charged in the indictment as the place where appellant was alleged to have sold whisky and maintained a nuisance. He saw there on November 4, 1925, people drinking whisky, and saw appellant serving whisky drinks in whisky glasses and being paid therefor. Witness Reese, another prohibition agent, was with him, and he ordered drinks and paid for them. A part of Reese's purchase was identified by witness Thomas as colored corn whisky. Appellant seemed to be in charge of the place. Numbers of people were there buying liquor, and the place was equipped with a bar. There is no need of referring to all of the evidence—it is sufficient to say that, if the jury, who were the judges of credibility, believed the government's witnesses, there was ample evidence to sustain the verdict of guilty on both counts 4 and 6. It is apparent that under this record there is really no question for an appellate court to pass on, and the appeal is evidently taken merely for the purpose of delay. It is frivolous. In view of this, while affirming the judgment, we have decided that the mandate shall issue at once, and it is so ordered.

Judgment affirmed.